# SCHAFKOPF LAW, LLC
ATTORNEYS AT LAW

June 5, 2018

U.S. District Court, ED of PA
Office of the Clerk of Court
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

**Re: Jonathan D. Josey v City of Philadelphia et al**

To Whom It May Concern:

  Enclosed please find one (1) original and one (1) copy of Plaintiff's Civil Action Complaint, along with a CD containing a pdf version of same and a check in the amount of $400.00, in regards to the above captioned matter.

  Kindly file the original Complaint and return a time-stamped copy to the undersigned along with the Civil Action Summonses.

Sincerely,

*/s/ Gary Schafkopf*
Gary Schafkopf, Esq.

11 BALA AVENUE • BALA CYNWYD, PA 19004 • PHONE 610-664-5200 Ext. 104 • FAX 888-283-1334

| MILDENBERG LAW FIRM | WEISBERG LAW | SCHAFKOPF LAW, LLC |
|---|---|---|
| Brian R. Mildenberg, Esq. | Matthew B. Weisberg, Esq. | Gary Schafkopf, Esq. |
| Attorney ID No. 84861 | Attorney ID No. 85570 | Attorney ID No. 83362 |
| 1735 Market St., Suite 3750 | 7 South Morton Ave. | 11 Bala Ave. |
| Philadelphia, PA 19103 | Morton, PA 19070 | Bala Cynwyd, PA 19004 |
| 215-545-4870 | 610-690-0801 | 610-664-5200 Ext 104 |
| Fax: 215-545-4871 | Fax: 610-690-0880 | Fax: 888-238-1334 |
| Attorney for Plaintiffs | Attorney for Plaintiffs | Attorney for Plaintiffs |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN D. JOSEY**<br>C/O Weisberg Law<br>7 South Morton Ave<br>Morton, PA 19070 | CIVIL ACTION |
| Plaintiff,<br>v. | DOCKET NO. |
| **CITY OF PHILADELPHIA**<br>**d/b/a PHILADELPHIA POLICE**<br>**DEPARTMENT**<br>1515 Arch St, 16th FL<br>Philadelphia, PA 19102<br>and<br>**JOHN DOES 1-10**<br>Defendants. | JURY TRIAL OF TWELVE (12)<br>JURORS DEMANDED |

## CIVIL ACTION COMPLAINT

### PARTIES JURISDICTION AND VENUE

1. Plaintiff, Jonathan D. Josey, is an adult individual who is a Lieutenant for the Philadelphia Police Department and resides in the Commonwealth of Pennsylvania. Plaintiff can be served care of her attorneys at the above-captioned address.

2. Defendant, City of Philadelphia, doing business as the Philadelphia Police Department ("PPD"), is a municipality, duly organized and existing under the laws of the

Commonwealth of Pennsylvania, with an address for service at the above captioned address.

3. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below.

4. This Court has jurisdiction and venue is appropriate in this judicial district because the facts complained of herein occurred in this judicial district, and this Complaint arises under the laws of the United States and seeks redress for violations of federal laws.

## FACTUAL BACKGROUND

5. Lt. Jonathan Josey has been employed by the Philadelphia Police Department since 1993.

6. Lt Josey had a stellar career in law enforcement until he was wrongfully terminated by the Department following an altercation with Ms. Aida Guzman following the Puerto Rican Day Parade on September 30, 2012.

7. Lt. Josey along with 721 other officers had been assigned to police the "after party" of the Puerto Rican Day Parade.

8. The "after party" has been described "control chaos," the police were advised that infractions that would normally result in arrests should be ignored unless they posed a serious threat to life or property.

9. It was during the 'after party" that Lt Josey was sprayed with liquid by either attendee Aida Guzman or some else.

10. A small part of the confrontation between Lt. Josey and Ms. Guzman was captured on cell phone video and posted to social media.

11. In the video Lt. Josey can be seen confronting Ms. Guzman however it is unclear how Ms. Guzman ended up on the ground.

12. Ms. Guzman was subsequently charged with disorderly conduct.

13. The cell phone video was then broadcast internationally and Lt. Josey was accused of engaging in police brutality.

14. Under pressure from the media then Commissioner Charles Ramsey reviewed the video and concluded that Lt. Josey had used excessive force and that Lt. Josey violated the Police Department's Disciplinary Code by making false statements in various documents relating to Guzman's arrest.

15. On or about October 4, 2012 Lt. Josey was suspended and issued a Notice of Intention to Dismiss from the Philadelphia Police Department.

16. On or about November 1, 2012 Lt. Josey was terminated.

17. The Fraternal Order of Police immediately filed a grievance on Lt. Josey's behalf.

18. A grievance hearing was held on June 24-25, 2013 before an arbitrator.

19. On or about August 10, 2013, the arbitrator issued his decision, finding the City lacked sufficient reason to terminate Lt. Josey and ordering Lt Josey be reinstated with backpay less interim earning.

20. Furthermore, the Police Department was to "revise Jonathan Josey's personnel record to delete all references to his November 1 2012, discharge to the maximum extent permitted under the governing law."

### FACTS RELATING TO THE DENIAL OF PROMOTION

21. In early 2014 Lt. Josey became aware of a notice for promotional opportunities to the rank of Captain.

22. Lt. Josey took the written promotional exam issued by the Department and has his oral examination at the end of March or early April of 2014.

23. In June 2014 the list of candidates who were eligible for promotion to the rank of Captain was published.

24. Lt. Josey ranked 15 of 57 candidates with a final score of 85.875.

25. Given Lt. Josey's ranking amongst the candidate he was invited to be interviewed by the Promotional Review Board.

26. On the February 22, 2016 attended the interview.

27. The Promotional Review Board consisted of three (3) members; two Field Inspectors, Joel Dales and Anthony Washington and Chief Inspector Christopher J. Flacco.

28. During the course of the interview Chief Inspector Flacco asked Lt. Josey several questions about the September 2012 incident involving Aida Guzman.

29. Lt Josey, left the interview believing that his wrongful termination and subsequent reinstatement was being used against him and that he would not be promoted.

30. Following the interview of all 10 candidates the Review Board issued its recommendations.

31. Lt. Josey was recommended for promotion by Inspectors Dales and Washington but was not recommended by Chief Inspector Flacco.

32. In his decision Chief Inspector Flacco blatantly stated "It is my belief that if promoted, the incident on 30 September 2012 involving Aida Guzman will have a detrimental long-

term impact on the relationship between the Department and the community we serve as well as undermine his ability to command."

33. City Police Commissioner Ross elected to bypass Lt. Josey citing Chief Inspectors Flacco's recommendations as a factor in his decision.

34. Despite having the underlying disciplinary action expunged from his record, the Department continues to consider same as part of his record and Lt. Josey continues to be denied promotions for which he qualified as a result of same.

## COUNT I – VIOLATION OF FIFTH AND FOURTEENTH AMENDMENT DUE PROCESS CLAUSES

35. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

36. As a result of Defendants' actions as aforesaid, Defendants have denied Plaintiff the right to the same terms, conditions, privileges and benefits of his employment agreement with the City of Philadelphia Police Department, in violation of 42 U.S.C. § 1983.

37. Plaintiff has been denied substantive and procedural due process under the Fifth and Fourteenth Amendments to the US Constitution.

38. Plaintiff continues to be harassed and retaliated against, and denied promotions for disciplinary action that has been expunged from his employment record, and been made to suffer humiliation and embarrassment, emotional distress, and have sustained damages for which recovery of compensatory damages may be had pursuant to 42 U.S.C. § 1983.

39. Said harassment and retaliation and against Plaintiff is pervasive and regular.

40. Said harassment and retaliation has affected Plaintiffs to his detriment.

41. Said harassment and retaliation would detrimentally affect a reasonable person under similar circumstances.

42. Said harassment and retaliation has caused a hostile work environment.

43. Said harassment and retaliation exacerbated the already hostile work environment to the point of a crisis.

44. Said violations were done intentionally and/or knowingly with malice or reckless indifference, and warrant the imposition of punitive damages.

45. As a direct and proximate result of Defendants' violation of 42 U.S.C. § 1983 Plaintiff has suffered the damages and losses set forth herein and have incurred attorneys' fees and costs.

46. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory acts unless and until this Court grants the relief requested herein.

47. The wrongful acts and conduct of Defendants were done with deliberate indifference to the statutory and constitutional rights of Plaintiffs.

48. As such, Plaintiff has and continues to suffer damages as set forth herein.

## RELIEF

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct and specifically prays that this Court grant the following relief to Plaintiffs:

a) declaring the acts and practices complained of herein to be in violation of Section 1983;

b) enjoining and permanently restraining the violations alleged herein;

c) entering judgment against the Defendants and in favor of Plaintiffs in an amount to be determined;

d) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiffs have suffered or may suffer as a result of Defendants' improper conduct;

e) awarding compensatory damages for Plaintiffs for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiffs have and continue to suffer as a result of Defendants' improper conduct

f) awarding punitive damages to Plaintiffs;

g) awarding Plaintiffs such other damages as are appropriate under Section 1983

h) awarding Plaintiffs the costs of suit, attorneys' fees; and expert fees and other; and

i) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

Respectfully Submitted,

WEISBERG LAW

BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ

DATED: 6-4-18

MILDENBERG LAW FIRM

BY: */s/ Brian R Mildenberg*
BRIAN R. MILDENBERG, ESQ

DATED: 6-4-18

SCHAFKOPF LAW, LLC
BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ.

DATED: 6-4-18

| | | |
|---|---|---|
| **MILDENBERG LAW FIRM** | **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| Brian R. Mildenberg, Esq. | Matthew B. Weisberg, Esq. | Gary Schafkopf, Esq. |
| Attorney ID No. 84861 | Attorney ID No. 85570 | Attorney ID No. 83362 |
| 1735 Market St., Suite 3750 | 7 South Morton Ave. | 11 Bala Ave. |
| Philadelphia, PA 19103 | Morton, PA 19070 | Bala Cynwyd, PA 19004 |
| 215-545-4870 | 610-690-0801 | 610-664-5200 Ext 104 |
| Fax: 215-545-4871 | Fax: 610-690-0880 | Fax: 888-238-1334 |
| Attorney for Plaintiffs | Attorney for Plaintiffs | Attorney for Plaintiffs |

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN D. JOSEY** : |
| C/O Weisberg Law : |
| 7 South Morton Ave : CIVIL ACTION |
| Morton, PA 19070 : |
| : |
|            Plaintiff, : DOCKET NO. |
|      v. : |
| : |
| **CITY OF PHILADELPHIA** : |
| d/b/a **PHILADELPHIA POLICE** : JURY TRIAL OF TWELVE (12) |
| **DEPARTMENT** : JURORS DEMANDED |
| 1515 Arch St, 16th FL : |
| Philadelphia, PA 19102 : |
| : |
| and : |
| : |
| **JOHN DOES 1-10** : |
|            Defendants. : |
| : |

### DECLARATION

I, Jonathan Josey, plaintiff in the above action, have read the Complaint in the above captioned matter and declare under of penalty perjury under the laws of the United States of America that all allegations of fact therein are true and correct to the best of my knowledge, information, and belief.

BY: _____

DATED: _____

| | | |
|---|---|---|
| **MILDENBERG LAW FIRM**<br>Brian R. Mildenberg, Esq.<br>Attorney ID No. 84861<br>1735 Market St., Suite 3750<br>Philadelphia, PA 19103<br>215-545-4870<br>Fax: 215-545-4871<br>Attorney for Plaintiffs | **WEISBERG LAW**<br>Matthew B. Weisberg, Esq.<br>Attorney ID No. 85570<br>7 South Morton Ave.<br>Morton, PA 19070<br>610-690-0801<br>Fax: 610-690-0880<br>Attorney for Plaintiffs | **SCHAFKOPF LAW, LLC**<br>Gary Schafkopf, Esq.<br>Attorney ID No. 83362<br>11 Bala Ave.<br>Bala Cynwyd, PA 19004<br>610-664-5200 Ext 104<br>Fax: 888-238-1334<br>Attorney for Plaintiffs |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN D. JOSEY**<br>C/O Weisberg Law<br>7 South Morton Ave<br>Morton, PA 19070 | : <br>: CIVIL ACTION<br>: |
| Plaintiff,<br>v. | : DOCKET NO.<br>: |
| **CITY OF PHILADELPHIA**<br>**d/b/a PHILADELPHIA POLICE**<br>**DEPARTMENT**<br>1515 Arch St, 16th FL.<br>Philadelphia, PA 19102 | :<br>: JURY TRIAL OF TWELVE (12)<br>: JURORS DEMANDED<br>: |
| and | : |
| **JOHN DOES 1-10**<br>Defendants. | :<br>: |

|                                                                 |
| :-------------------------------------------------------------- |
| :                                                               |
| :                                                               |
| :                                                               |
| :                                                               |
| :                                                               |
| :                                                               |
| :                                                               |
| :                                                               |
| :                                                               |

## DECLARATION

I, Jonathan Josey, plaintiff in the above action, have read the Complaint in the above captioned matter and declare under of penalty perjury under the laws of the United States of America that all allegations of fact therein are true and correct to the best of my knowledge, information, and belief.

BY: _____

DATED: 6/9/18

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jonathan D. Josey

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law, 11 Bala Ave Bala Cynwyd PA 19004, 610-664-5200
Matthew B. Weisberg, 7 South Morton Ave Morton PA 19070;
610-690-0801

## DEFENDANTS
City of Philadelphia & John Does 1-10

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983
Brief description of cause:
Plaintiff continue to be denied promotions for disciplinary actions expunged from his employment record

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: 06/05/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
   (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
   (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553   Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: C/O Weisberg Law 7 South Morton Ave Morton PA 19070

Address of Defendant: 1515 Arch Street, 16th Floor Philadelphia PA 19102

Place of Accident, Incident or Transaction: Philadelphia
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Gary Schafkopf, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 6-5-18   _____/s/ Gary Schafkopf_____   83362
                    Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6-5-18   _____/s/ Gary Schafkopf_____   83362
                    Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Jonathan Josey | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 6-5-18 | Gary Schafkopf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 - Assignment to a Management Track

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.