

Cara E. Leheny
Divisional Deputy City Solicitor
ph. 215.683.5081
fx.  215.683.5099

<u>VIA ECF</u>

August 8, 2018

The Hon. Mitchell S. Goldberg
United States District Court, Eastern District of Pennsylvania
United States Courthouse, Room 7614
601 Market Street
Philadelphia, PA 19106

    RE:    *Josey v. City of Philadelphia, et al.*, No. 18-CV-2361

Dear Judge Goldberg:

    On behalf of the City of Philadelphia, I respectfully request a pre-motion conference regarding the City's intention to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  As set forth more specifically below, the City intends to move to dismiss the above-captioned complaint in its entirety for the following reasons: (1) the complaint is barred by the statute of limitations; (2) the complaint fails to state a claim under the Fifth Amendment's Due Process Clause; (3) the complaint fails to state a procedural due process claim under the Fourteenth Amendment; and (4) the complaint fails to state a substantive due process claim under the Fourteenth Amendment.

<u>Factual Background</u>

    Plaintiff, a Philadelphia Police Department Lieutenant, claims that the failure to promote him to Police Captain violates the Due Process Clauses in the Fifth and Fourteenth Amendments of the U.S. Constitution.  Although the complaint artfully evades pleading the date of denial of promotion (though it does admit that plaintiff's promotional interview was held on February 22, 2016), the intended motion to dismiss will attach the February 25, 2016 letter from Commissioner Richard Ross to plaintiff, informing him that he would not be promoted.[1]  Plaintiff's complaint

---

[1] "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.  Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Pension Benefit Guaranty Corp. v. White Consolidated Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993).

neglects to mention that the grievant's union grieved the denial that same day, and a grievance arbitrator sustained the grievance and ordered the Department to promote Lt. Josey. *City of Philadelphia v. Fraternal Order of Police, Lodge No. 5*, 181 A.3d 485, 489 (Pa. Commw. Ct. 2018) ("*Josey*"). That decision was vacated by the Pennsylvania Court of Common Pleas, and the Pennsylvania Commonwealth Court affirmed the lower court's order in a March 26, 2018 decision. *Id.*

**The Statute of Limitations Bars the Complaint**

Plaintiff's claims—all of which are premised on conduct that occurred on or before February 25, 2016--must be dismissed as time-barred. A complaint may be dismissed for failure to state a claim on statute of limitations grounds "where the plaintiff's failure to comply with the limitations period is apparent from the face of the pleadings." *Kang Haggerty & Fetbroyt LLC v. Hayes*, No. 17-1295, 2018 WL 1145803, at *2 (E.D.Pa. March 1, 2018). Claims raised under 42 U.S.C. § 1983 are best characterized as personal injury claims, and the statute of limitations is determined by the time limitation of the state in which the claim is filed. *Wilson v. Garcia*, 471 U.S. 261, 266, 279 (1985). In Pennsylvania, the statute of limitations for claims brought under section 1983 is two years. *Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 885 (3d Cir. 1991).

Employment discrimination claims, including section 1983 claims, accrue, and the statute of limitations begin to run, when a plaintiff becomes aware of an injury through denial of employment or termination. *Badger v. Stryden, Inc.*, No. 09-3619, 2016 WL 3035113, *3-4 (E.D.Pa. May 26, 2016). Moreover, "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations period[.]" *Delaware State College v. Ricks*, 449 U.S. 250, 261 (1980).

Because plaintiff knew, no later than February 25, 2016, that he was not going to be promoted to the position of Police Captain, his claim accrued as of that date, and his complaint had to be filed no later than February 25, 2018. Instead, his complaint was filed over three months (June 6, 2018) after the statute of limitations ran.

**Plaintiff Fails to State Plausible Due Process Claims Under the Fifth and Fourteenth Amendments**

Count I of the complaint asserts violations of the Fifth Amendment's Due Process Clause, but that clause restrains only the federal government from depriving individuals of life, liberty or property without due process of law. *See Frazer v. Temple University*, 25 F. Supp. 3d 598, 607 n.4 (E.D. Pa. 2014) (noting female student's claim against public university requesting additional relief under Fifth Amendment was improper because "Fifth Amendment is only applicable to the Federal Government.").

Although the Fourteenth Amendment prohibits the state from depriving an individual of a property right recognized by the state without due process, Philadelphia's civil service regulations "indicate that promotion is neither a matter of right nor may it be promised." *Robb v. City of Philadelphia*, 733 F.2d 286, 293 (3d Cir. 1984); *see also Kaminski v. Twp. of Toms River*, 595 F. App'x 122, 125 (3d Cir. 2014) (no property interest in "fair and unbiased promotional examination"); *Zezulewicz v. Port Auth. of Allegheny Cty.*, 290 F. Supp. 2d 583, 596 (W.D. Pa. 2003) ("Under Pennsylvania law, a public employee has no claim of entitlement to . . . a

2

promotion. These decisions are discretionary with the employer."). Pennsylvania courts have repeatedly held that "'[t]he promotion of policemen is a matter of management prerogative subject to limitation only by statutory, home rule charter, civil service or merit system constraints.'" *Josey*, 181 A.3d at 490 (*quoting City of Erie v. Haas Mem'l Lodge No. 7*, 434 A.2d 881, 883 n.4 (1981)). Promotions are matters of inherent managerial prerogative and "therefore excluded [from bargaining]." *Id.* at 492. Therefore, plaintiff has no property right in the denied promotion.

Even if plaintiff had a viable property interest in a promotion, the Due Process Clause is not violated if there is an "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976) (*quoting Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). What constitutes a "meaningful" hearing depends on the alleged deprivation because "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). Here, plaintiff had meaningful post-deprivation procedures. As the complaint acknowledges, he is a member of a union which is able to file grievances and demand arbitration on his behalf. Complaint at ¶¶ 17-19. It is a matter of judicial record that the Fraternal Order of Police filed a grievance challenging the promotion denial, obtained an arbitration award in plaintiff's favor, and then litigated the validity of that award through the Pennsylvania Judicial System. *Josey*, 181 A.3d at 487-494.

The complaint also fails to state a plausible substantive due process claim. Substantive due process protects only "fundamental" rights from government conduct that "shocks the conscience." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000) (substantive due process protects only "basic rights that underlie our society"); *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998) (state action depriving plaintiff of fundamental right must be arbitrary and capricious). Public employment is not a fundamental right. *Nicholas*, 227 F.3d at 142; *Lape v. Pennsylvania*, 157 Fed. Appx. 491, 500 (3d Cir. 2005) (no substantive due process property interest in public employment). Because public employment is not itself a fundamental interest, plaintiff's interest in a promotion does not trigger substantive due process protection. *Smith McVey v. Twp. of Stafford*, 704 F. App'x 114, 118 (3d Cir. 2017) ("We have acknowledged that there is no substantive due process property interest in public employment—let alone procedures for promotion—because any rights in employment are state-created, not federally guaranteed.").

Because plaintiff fails to state plausible due process claims under the Fifth or Fourteenth Amendments to the Constitution, and, even if he did, his claims are time-barred, his Complaint must be dismissed.

Very truly yours,

*Cara E. Leheny*
CARA E. LEHENY,
Divisional Deputy City Solicitor

cc:   Brian R. Mildenberg, Esq. (via ECF)
      Gary Schafkopf, Esq. (via ECF)
      Matthew B. Weisberg, Esq. (via ECF)